UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**THOMAS WALKER,**                               **CASE NO.:**

    Plaintiff,

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

    Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, **Thomas Walker**, by and through his undersigned attorney, and files this complaint against the Defendant, **The Lincoln National Life Insurance Company,** (hereinafter referred to as "**Lincoln**"), and states:

1. This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001, et seq, to recover benefits due to the Plaintiff under the terms of Long Term Disability Policy and Waiver of Premium Policy (hereinafter referred to as "the Plan"), to enforce rights under the terms of said Plan, and to clarify Plaintiff's rights to benefits under the Plan.

2. Jurisdiction is conferred on this Court pursuant to Title 29 U.S.C. sec. 1131 (e)(1) and Title 29 U.S.C. sec. 1132 (f).

3. At all times material hereto, the Plan was sponsored and administered by entities which were corporations authorized and qualified to do business in the Middle District, State of Florida and doing business in Florida.

4. At all times material hereto, Defendant Lincoln was the administrator and funding source of long term disability and waiver of premium benefits under the Plan.

5. At all times material hereto, Omni Hotels Management Corporation was the Plan Sponsor of the Plan.

6. At all times material hereto, the Plan was a plan established by the plan sponsor to provide long term disability and waiver of premium benefits to eligible employees of Omni Hotels Management Corporation and as such, are employee welfare benefit plans as defined under and governed by ERISA 29 U.S.C. sec. 1001 et seq. Said long term disability and waiver of premium Plan is attached as Exhibit A.

7. On or about October 3, 2021, Plaintiff became entitled to long term disability and waiver of premium benefits under the Plan as a result of disabling medical conditions.

8. After Plaintiff's application under the Plan for long term disability and waiver of premium benefits, Plaintiff was denied long term disability and waiver of premium benefits under the Plan.

9. Plaintiff has been damaged in that Plaintiff has been denied payment of long term disability and waiver of premium benefits to which Plaintiff is entitled under the terms of the Plan.

10. Plaintiff has exhausted any and all administrative remedies provided under the Plan.

11. Plaintiff has been required to obtain the services of the undersigned attorneys, and the undersigned attorneys are entitled to payment of a reasonable attorneys fee. The Court may award a reasonable attorneys fee pursuant to 29 U.S.C. sec. 1132 (g)(1).

**WHEREFORE,** Plaintiff demands judgment against the Defendant for payment of long term disability and waiver of premium benefits due and owing under the Plan, plus interest, costs, and payment of attorneys fees.

DATED THIS 9th day of February, 2023.

                **FARRELL DISABILITY LAW**

                _____
                Thomas M. Farrell, IV, Esquire
                Florida Bar No.: 972347
                Attorney for Plaintiff
                2319 Oak Street
                Jacksonville, Florida 32204
                Telephone: (904) 388-8870
                Fax:       (904) 339-9590
                E-mail: tom@tfarrellpa.com